UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK                    08 Civ. 3451
-----------------------------------------------------------------X    (PKC)
Anthony Broady,
Individually and on behalf of others similarly situated,

                              Plaintiff,        CLASS ACTION COMPLAINT AND
                                                         JURY DEMAND

    -against-

Champion Courier, Inc., Rabbit Messenger, Inc.
Steve Lipton,
                            Defendants.
-------------------------------------------------------------X

       The Plaintiff, by his attorneys, MICHAEL SHEN & ASSOCIATES P.C., as and for a Complaint against the defendants, states and alleges, as follows:

### PRELIMINARY STATEMENT

1. Plaintiff, former and present employees of defendants Champion Courier, Inc., Rabbit Messenger, Inc., and Steve Lipton, bring this action for wage violations, including denial of overtime pay and minimum wages, improper wage deductions, improper reductions of commission rates, and otherwise improper underpayment of wages, pursuant to the Fair Labor Standards Act, 29 U.S.C. § 206, 207, and the New York Labor Law §§190 et. seq. and §§650 et. seq.

### JURISDICTIONAL STATEMENT

2. This Court has jurisdiction over the claims presented pursuant to 28 U.S.C. §§ 1331, 1343, and 1367; and the Fair Labor Standards Act Section 16 ("the FLSA"), as amended, 29 U.S.C. § 216(b).

3. Plaintiff invoke the supplemental jurisdiction of this court to consider claims arising under state law.

4. Venue lies in the Southern District of New York, pursuant to 28 U.S.C. §1391.

## PARTIES

5. The plaintiff Anthony Broady. is a resident of the State of New York, County of New York, and is a former employee of defendants Champion Courier, Inc., Rabbit Messenger, Inc., and Steve Lipton.

6. The plaintiff is a resident of the State of New York, County of Kings, and is a former employee of defendant Champion Courier, Inc. and Rabbit Messenger, Inc.

7. The defendants Champion Courier, Inc. and Rabbit Messenger, Inc. (collectively "Champion") are corporations doing business under the laws of the State of New York, with a principal place of business at 221 West 37 Street, Floor 2, New York, New York. Champion is a business enterprise engaged in interstate commerce, with a gross annual income over $500,000.00. Champion is an employer for all purposes of this litigation.

8. Defendant Steve Lipton is the owner and manager of Champion, and a resident of the State of New York. He had the authority to make, and did make, all personnel decisions, including hiring and firing, and was responsible for making decisions and/or implementing policies by or on behalf of Champion that affected the Plaintiff as detailed herein. Defendant Lipton is an employer for all purposes of this litigation.

## STATEMENT OF FACTS

9. Plaintiff Broady worked as a bicycle courier, or messenger for Champion from December 2002 to May 2004.

10. Plaintiff performance and qualifications were excellent.

11. Plaintiff were not paid on an hourly basis.

12. Plaintiff and the other messengers were paid wages based on the number of packages they

delivered, and the charge to the customer for the packages they delivered.

13. For each package they delivered, they were paid a percentage of the fee Champion claimed to them that they charged for the delivery to its customer.

14. Messengers were supposed to receive a percentage of the fee Champion charged to its customer for the delivery.

## OVERTIME PAY WAS DENIED

15. Messengers, including named Plaintiff, frequently worked over 40 hours per week, but were never paid at the legally required overtime rate.

16. Messengers, including Plaintiff, were legally entitled to an overtime rate of one and one-half times their regular hourly wage for all hours worked in excess of 40 hours per week.

17. Champion did not maintain records of the hours messengers worked

18. It was the explicit and stated policy of defendants not to pay for overtime wages at the legally required rate.

19. The defendants willfully failed to make overtime payments.

## MINIMUM WAGES WERE DENIED

20. On slow days, messengers would get very few packages to deliver, and, thus would sometimes receive less than the legally required minimum wages.

21. The defendants were, at all relevant times herein, aware that the messengers, including plaintiff, were not being paid minimum wages in accordance with the provisions of the Fair Labor Standards Act and the New York State Labor Law.

22. In fact, it was the explicit and stated policy of defendants not to consider whether or not minimum wages were being paid.

23. The defendants willfully failed to make minimum wage payments.

## ILLEGAL WAGE DEDUCTIONS

24. Throughout and before Plaintiff' tenure, defendants had a policy and practice of making illegal deductions from the wages of all messengers.

25. These deductions included deductions for the use of company hand-held radios, used for communications, and other unexplained and fictitious reasons which were labeled sometimes labeled "expenses" or "reimburse."

## FRAUDULENT FAILURE TO PAY FULL COMMISSIONS

26. Champion cheated its messengers by intentionally telling the messengers that the rates they were charging their customers was substantially lower than they actually were.

27. Since the rates Champion was actually charging their customers was substantially higher than the fee Champion told its messengers it was charging, the messengers received less compensation than they were due.

28. Defendants did not provide to its messengers records which indicated how their pay was calculated, nor what deductions were taken.

29. The defendants were, at all relevant times herein, aware that the messengers, including plaintiff, were not being paid their full and proper wages in accordance with the provisions of the Fair Labor Standards Act and the New York State Labor Law.

30. The defendants willfully committed the wage violations alleged herein.

## FIRST CAUSE OF ACTION
## VIOLATIONS OF THE FAIR LABOR STANDARDS ACT: OVERTIME PAY

31. Plaintiff repeats and realleges all allegations previously set forth.

32. Plaintiff brings this First Claim for Relief pursuant to the Fair Labor Standards Act, 29 U.S.C. § 206 on behalf of themselves and all other similarly situated persons, if any, who

consent in writing to join this action.

33. The defendants failed to pay numerous other persons, who performed work for the defendants and who are similarly situated to plaintiff, the compensation required by the FLSA, 29 U.S.C. §§206, 207, for the work, labor and services they provided to the defendants, and Plaintiff seek appropriate proceedings to have such persons notified of the pendency of this action and join this action as Plaintiff pursuant to 29 U.S.C. § 216(b) by filing written consents to joinder with the Court.

34. As a result of the foregoing, Plaintiff seeks judgment against the defendants on his own behalf and on behalf of those similarly situated who file written consents to joinder in this action, granting declaratory relief finding that the practices complained of herein are illegal, injunctive relief to correct the illegal practices complained of herein, monetary damages in the amount of all unpaid overtime and minimum wages and/or other wages owed by the defendants to the Plaintiff and such other persons similarly situated pursuant to 29 U.S.C. §§206, 207, together with an award of an additional equal amount as liquidated damages, costs, interest, and attorney's fees, as provided for under 29 U.S.C. § 216(b).

<u>SECOND CAUSE OF ACTION:
ON BEHALF OF THE NAMED PLAINTIFF
AND ALL OTHERS SIMILARLY SITUATED FOR
VIOLATIONS OF NEW YORK LABOR LAW ARTICLES 6 AND 19</u>

35. Plaintiff repeats and realleges all allegations previously set forth.

36. Pursuant to Rule 23(b)(2)(3) of the FRCP, this claim for relief is brought on behalf of the named Plaintiff and on behalf of each and all other similarly situated persons who were denied overtime pay and minimum wages or the full and proper payment of their wages and benefits in violation of New York Labor Law Articles 6 and 19, §§ 190 <u>et.seq.</u> and §§ 650

et.seq.

37. The above described class is so numerous that joinder of all members, whether otherwise required or permitted, is impracticable in that their numbers in all likelihood substantially exceed one hundred, and their identities are presently unknown.

38. The Plaintiff have been denied overtime pay, minimum wages, and/or the full and proper payment of Plaintiff wages, in violation of New York Labor Law Articles 6 and 19, §§ 190 et.seq. and §§ 650 et.seq. and the claims of the named Plaintiff are typical of the claims of the above described class, in that the interests of the named Plaintiff are coextensive with the interests of the other members of the class, and there is a lack of adverse interests between the named Plaintiff and the other members of the class.

39. There are questions of law and fact common to the class which predominate over any questions affecting only individual members: Were class members paid the full and proper wages? Were the class members paid overtime wages that complied with the requirements of New York State Law? Were class members paid the minimum wages? What are the proper methods for calculating overtime wages? What are the proper methods for calculating minimum wages? Were deductions from wages proper? Were proper wage records maintained?

40. The named Plaintiff will fairly and adequately protect the interests of said class.

41. A class action is superior to other available methods for the fair and efficient adjudication of the class claims under New York Labor Law Articles 6 and 19, §§ 190 et.seq. and §§ 650 et.seq.

42. The defendants violated New York Labor Law Articles 6 and 19, §§190 et.seq.and 650 et.seq., and the Wage Orders issued thereunder, by failing to pay the Plaintiff overtime

wages, minimum wages and/or by failing to pay the plaintiff Plaintiff full wages or by improperly taking deductions.

43. The defendants' violations of New York Labor Law Articles 6 and 19, §§ 190 <u>et.seq.</u> and §§ 650 <u>et.seq.</u>, were willful.

44. As a result of the foregoing, the named plaintiff seeks judgment against the defendants on his own behalf and on behalf of all those similarly situated, granting declaratory relief finding that the practices complained of herein are illegal, injunctive relief to correct the illegal practices complained of herein, monetary damages in the amount of all unpaid overtime wages, minimum wages, and/or other wages owed by the defendants to the Plaintiff, together with an award of costs, interest, and attorney's fees, as provided for under the New York State Labor Law.

45. Plaintiff does not seek liquidated or punitive damages for his claims under the New York State Labor Law.

<u>THIRD CAUSE OF ACTION:</u>
<u>ON BEHALF OF THE NAMED Plaintiff</u>
<u>AND ALL OTHERS SIMILARLY SITUATED</u>
<u>FOR UNJUST ENRICHMENT</u>

46. Plaintiff repeat and reallege all allegations previously set forth.

47. The defendants have received labor from the Plaintiff, for which the Plaintiff anticipated they would be properly compensated.

48. The defendants, knowing of the Plaintiff' reasonable intentions to be compensated in wages and benefits for the labor they were providing to the defendants, failed to pay or otherwise provide to the Plaintiff such compensation, and defendants were unjustly enriched thereby.

49. Pursuant to Rule 23(b)(2)(3) of the FRCP, this claim for relief is brought on behalf of the

      named plaintiff who have valid claims that the defendants have been unjustly enriched at Plaintiff' expense, and on behalf of each and all other similarly situated persons.

50. The above described class is so numerous that joinder of all members, whether otherwise required or permitted, is impracticable in that their numbers in all likelihood substantially exceed one hundred, and their identities are presently unknown.

51. The claims of the named Plaintiff are typical of the claims of the above described class, in that the interests of the named Plaintiff are coextensive with the interests of the other members of the class, and there is a lack of adverse interests between the named Plaintiff and the other members of the putative class of Plaintiff.

52. The named Plaintiff will fairly and adequately protect the interests of said class.

53. There are questions of law and fact common to the class which predominate over any questions affecting only individual members: Did the class members provide labor to the defendants for which the parties understood the Plaintiff would be compensated? And if such an understanding existed, did the defendants pay the Plaintiff appropriate compensation for the labor that the Plaintiff provided? Were class members paid the full and proper wages. Were the class members paid overtime wages that complied with the requirements of New York State Law. Were class members paid the full and proper percent of the. Did the employer properly take deductions from pay. Were proper wage records maintained. Were defendants unjustly enriched by their actions?

54. A class action is superior to other available methods for the fair and efficient adjudication of the class claims for unjust enrichment by the defendants.

55. As a result of the foregoing, the named Plaintiff seek judgment against the defendants on Plaintiff own behalf and on behalf of all those similarly situated, granting declaratory relief

finding that the practices complained of herein are illegal, injunctive relief to correct the illegal practices complained of herein, and monetary damages.

### FOURTH CAUSE OF ACTION: ON BEHALF OF THE NAMED Plaintiff AND ALL OTHERS SIMILARLY SITUATED FOR QUANTUM MERUIT

56. Plaintiff repeat each and every allegation previously set forth herein.

57. While Plaintiff's services were accepted by defendants, defendants did not provide to Plaintiff the reasonable value of his services.

58. Pursuant to Rule 23(b)(2)(3) of the FRCP, this claim for relief is brought on behalf of the named Plaintiff and on behalf of each and all other similarly situated persons who provided services to defendants which were accepted by defendants, and to whom the defendants have failed to provide compensation and benefits of reasonable value for their services.

59. The above described class is so numerous that joinder of all members, whether otherwise required or permitted, is impracticable in that their numbers in all likelihood substantially exceed one hundred, and their identities are presently unknown.

60. The named Plaintiff have not been given by defendants reasonable value for Plaintiff services, and the claims of the named Plaintiff are typical of the claims of the above described class, in that the interests of the named Plaintiff are coextensive with the interests of the other members of the class, and there is a lack of adverse interests between the named Plaintiff and the other members of the putative class of plaintiff.

61. The named Plaintiff will fairly and adequately protect the interests of said class.

62. There are questions of law and fact common to the class which predominate over any questions affecting only individual members: Did the Plaintiff provide services to

defendants? Did defendants accept Plaintiff's services? Did the Plaintiff receive from defendants reasonable value for Plaintiff services? What is the measure of the reasonable value for the services provided by Plaintiff?

63. A class action is superior to other available methods for the fair and efficient adjudication of the class claims for quantum meruit.

64. As a result of the foregoing, the Plaintiff seek from the defendants an undetermined amount in damages as measured by the compensation promised by defendants and required by law.

WHEREFORE, Plaintiff demand judgment against the defendants for the following relief:

a) On Plaintiff's own behalf and on behalf of all those similarly situated, granting declaratory relief finding that the practices complained of herein are illegal; injunctive relief to correct the illegal practices complained of herein, including proper maintenance of wage and hour records; institution and maintenance of proper overtime, minimum wage, and other wage policies; and benefits and monetary damages;

b) Costs, disbursements and attorneys' fees.

c) Such other and further relief as this Court deems just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury.

Dated: New York, New York
April 3, 2008

MICHAEL SHEN & ASSOCIATES, P.C.

By: _____/s/_____
MICHAEL SHEN
Attorney for Plaintiffs
225 Broadway, Suite 2515
New York, New York 10007