UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

| | | |
|---|---|---|
| ANTHONY BROADY, individually and on behalf of others similarly situated, | : | ECF case |
| | : | |
| Plaintiff, | : | Case No. 08 Civ. 3451 (PKC) |
| - against - | : | |
| CHAMPION COURIER, INC., | : | |
| RABBIT MESSENGER, INC. | : | **ANSWER** |
| and STEVE LIPTON, | : | |
| | : | |
| Defendants. | : | |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

Defendants, CHAMPION COURIER, INC. ("Champion"), RABBIT MESSENGER, INC. ("Rabbit") and STEVE LIPTON (collectively, "Defendants"), by their attorneys, Epstein Becker & Green, P.C., as and for their Answer to the Complaint, respectfully respond as follows:

1.    Deny the allegations contained in paragraph 1 of the Complaint.

2.    In response to the allegations contained in paragraph 2 of the Complaint, Defendants state that the allegations set forth legal conclusions to which no response is required.

3.    In response to the allegations contained in paragraph 3 of the Complaint, Defendants state that the allegations set forth legal conclusions to which no response is required.

4.    In response to the allegations contained in paragraph 4 of the Complaint, Defendants state that the allegations set forth legal conclusions to which no response is required.

5.    Deny knowledge or information sufficient to form a belief regarding the truth of the allegations contained in paragraph 5 of the Complaint.

6.    Are unable to respond to the allegations contained in paragraph 6 of the Complaint because they appear to be incomplete and to concern an additional plaintiff, when only one person appears as a plaintiff in the caption of the Complaint.

7.    Deny the allegations contained in paragraph 7 of the Complaint, except to state that Champion and Rabbit are distinct and separate corporate entities which may not be grouped together in the fashion set forth in the Complaint, that Champion is a corporation doing business in interstate commerce with a principal place of business at 221 West 37th Street, 2nd Floor, New York, New York, and a gross annual income over $500,000, and that Rabbit is a corporation doing business in interstate commerce.

8.    Deny the allegations contained in paragraph 8 of the Complaint, except state Steve Lipton owns and manages Champion (but not Rabbit) and that he has authority over personnel decisions at Champion.

9.    Deny the allegations contained in paragraph 9 of the Complaint, except state that plaintiff was employed by Rabbit (but not Champion) as a messenger during various months over a period beginning in or about 2002 and ending in or about 2004.

10.    Deny the allegations contained in paragraph 10 of the Complaint.

11.    Deny the allegations contained in paragraph 11 of the Complaint.

12.    Deny the allegations contained in paragraph 12 of the Complaint.

13.    Deny the allegations contained in paragraph 13 of the Complaint.

14.    Deny the allegations contained in paragraph 14 of the Complaint.

15.    Deny the allegations contained in paragraph 15 of the Complaint.

16.    Deny the allegations contained in paragraph 16 of the Complaint.

17.     Deny the allegations contained in paragraph 17 of the Complaint.

18.     Deny the allegations contained in paragraph 18 of the Complaint.

19.     Deny the allegations contained in paragraph 19 of the Complaint.

20.     Deny the allegations contained in paragraph 20 of the Complaint.

21.     Deny the allegations contained in paragraph 21 of the Complaint.

22.     Deny the allegations contained in paragraph 22 of the Complaint.

23.     Deny the allegations contained in paragraph 23 of the Complaint.

24.     Deny the allegations contained in paragraph 24 of the Complaint.

25.     Deny the allegations contained in paragraph 25 of the Complaint.

26.     Deny the allegations contained in paragraph 26 of the Complaint.

27.     Deny the allegations contained in paragraph 27 of the Complaint.

28.     Deny the allegations contained in paragraph 28 of the Complaint.

29.     Deny the allegations contained in paragraph 29 of the Complaint.

30.     Deny the allegations contained in paragraph 30 of the Complaint.

31.     With respect to paragraph 31 of the Complaint, incorporate by reference their answers to each of the paragraphs of the Complaint referenced therein.

32.     In response to the allegations contained in paragraph 32 of the Complaint, Defendants state that the allegations set forth legal conclusions to which no response is required.

33.     Deny the allegations contained in paragraph 33 of the Complaint.

34.     In response to the allegations contained in paragraph 34 of the Complaint, Defendants state that the allegations set forth legal conclusions to which no response is required but, to the extent that any factual allegations are intended to be asserted, they are denied.

35.    With respect to paragraph 35 of the Complaint, incorporate by reference their answers to each of the paragraphs of the Complaint referenced therein.

36.    In response to the allegations contained in paragraph 36 of the Complaint, Defendants state that the allegations set forth legal conclusions to which no response is required but, to the extent that any factual allegations are intended to be asserted, they are denied.

37.    Deny the allegations contained in paragraph 37 of the Complaint.

38.    Deny the allegations contained in paragraph 38 of the Complaint.

39.    In response to the allegations contained in paragraph 39 of the Complaint, Defendants state that the allegations set forth legal conclusions to which no response is required but, to the extent that any factual allegations are intended to be asserted, they are denied.

40.    Deny the allegations contained in paragraph 40 of the Complaint.

41.    Deny the allegations contained in paragraph 41 of the Complaint.

42.    Deny the allegations contained in paragraph 42 of the Complaint.

43.    Deny the allegations contained in paragraph 43 of the Complaint.

44.    In response to the allegations contained in paragraph 44 of the Complaint, Defendants state that the allegations set forth legal conclusions to which no response is required but, to the extent that any factual allegations are intended to be asserted, they are denied.

45.    In response to the allegations contained in paragraph 45 of the Complaint, Defendants state that the allegations appear to set forth matters to which no response is required but, to the extent that any factual allegations are intended to be asserted, they are denied.

46.     With respect to paragraph 46 of the Complaint, incorporate by reference their answers to each of the paragraphs of the Complaint referenced therein.

47.     Deny the allegations contained in paragraph 47 of the Complaint.

48.     Deny the allegations contained in paragraph 48 of the Complaint.

49.     In response to the allegations contained in paragraph 49 of the Complaint, Defendants state that the allegations appear to set forth legal conclusions to which no response is required but, to the extent that any factual allegations are intended to be asserted, they are denied.

50.     Deny the allegations contained in paragraph 50 of the Complaint.

51.     Deny the allegations contained in paragraph 51 of the Complaint.

52.     Deny the allegations contained in paragraph 52 of the Complaint.

53.     In response to the allegations contained in paragraph 53 of the Complaint, Defendants state that the allegations appear to set forth legal conclusions to which no response is required but, to the extent that any factual allegations are intended to be asserted, they are denied.

54.     Deny the allegations contained in paragraph 54 of the Complaint.

55.     In response to the allegations contained in paragraph 55 of the Complaint, Defendants state that the allegations appear to set forth legal conclusions to which no response is required but, to the extent that any factual allegations are intended to be asserted, they are denied.

56.     With respect to paragraph 56 of the Complaint, incorporate by reference their answers to each of the paragraphs of the Complaint referenced therein.

57.     Deny the allegations contained in paragraph 57 of the Complaint.

58.    In response to the allegations contained in paragraph 58 of the Complaint, Defendants state that the allegations appear to set forth legal conclusions to which no response is required but, to the extent that any factual allegations are intended to be asserted, they are denied.

59.    Deny the allegations contained in paragraph 59 of the Complaint.

60.    Deny the allegations contained in paragraph 60 of the Complaint.

61.    Deny the allegations contained in paragraph 61 of the Complaint.

62.    In response to the allegations contained in paragraph 62 of the Complaint, Defendants state that the allegations appear to set forth legal conclusions to which no response is required but, to the extent that any factual allegations are intended to be asserted, they are denied.

63.    Deny the allegations contained in paragraph 63 of the Complaint.

64.    Deny the allegations contained in paragraph 64 of the Complaint.

65.    In response to the allegations contained in "WHEREFORE" of the Complaint, Defendants state that the allegations appear to set forth matters to which no response is required but, to the extent that any factual allegations are intended to be asserted, they are denied.

## FIRST AFFIRMATIVE DEFENSE

66.    The Complaint fails to state a claim upon relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

67.    At all relevant times plaintiff's sole employer was Rabbit.  Neither Champion nor Lipton were plaintiff's employer and accordingly they are not a proper parties to this action.

### THIRD AFFIRMATIVE DEFENSE

68.     Plaintiff executed an agreement to arbitrate all claims arising out of his employment, a copy of which is attached as Exhibit A to this Answer, under which he was obligated to present his claims in an arbitral forum no later than one year from the date of the events giving rise to the claim.  He accordingly is barred from prosecuting those claims in this forum.

### FOURTH AFFIRMATIVE DEFENSE

69.     Plaintiff's claims under the Fair Labor Standards Act ("FLSA") are barred by the statute of limitations.

### FIFTH AFFIRMATIVE DEFENSE

70.     Any violation of the FLSA was not willful, in that plaintiff certified on each and every time card that he submitted to his employer, Rabbit, that he had not worked any hours beyond those set forth on the time card.

### SIXTH AFFIRMATIVE DEFENSE

71.     Plaintiff's claims for unjust enrichment and quantum meruit are barred, in whole or in part, by the equitable defenses of laches, unclean hands, waiver and estoppel.


WHEREFORE, defendants demand judgment dismissing the Complaint, awarding them their costs, disbursements, and attorney's fees incurred in defending this action, and such other relief as is just and proper.

Dated: June 20, 2008

Respectfully submitted,

**EPSTEIN BECKER & GREEN, P.C.**


s/John Houston Pope
   John Houston Pope

250 Park Avenue
New York, New York 10177
Phone:  212.351.4500
Fax:      212.878.8741
e-mail:  jhpope@ebglaw.com


------------------------------------------------------------------------------------------------------------

## CERTIFICATE OF SERVICE

I hereby certify that on June 20, 2008, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which sent notification of such filing to counsel for Plaintiffs.

s/ John Houston Pope
   John Houston Pope

# Exhibit A

## Receipt of Manuel

In signing this document I acknowledge that I
have received a copy of the Rabbit Messenger,
Inc., Employee Manuel, and I understand that I
am responsible for reading the personnel policies
and practices described within. I understand that
this manual replaces any and all prior handbooks,
policies and practices of the Rabbit Messenger.
All items have been covered to my satisfaction.
I agree to abide by the policies and procedures
contained therein. I understand that the policies
and benefits contained in this employee manual
may be added to, deleted, or changed by the
company at any time. I understand that neither
this manual, nor any other written or verbal
communication by a management representative,
is intended to, in any way, create a contract of
employment and that this manual is for
informational purposes only. I also understand
that Rabbit Messenger abides by employment-at-
will, which permits, Rabbit Messenger or the
employee to terminate the employment
relationship at any time, for any reason, with or
without notice. Rabbit Messenger will not modify
its policy of employment-at-will in any case.
If I have questions regarding the content or
interpretation of this manual, I will bring them to
the attention of my supervisor, or the president of
Rabbit Messenger at 212-366-9345.

**SIGNATURE**

**DATE**  2/24/02

## Acknowledgment of and Agreement with Rabbit Messenger Arbitration Policy

My signature on this document acknowledges that
I understand the arbitration Policy described in
this manual and abide by its conditions. I also
acknowledge that I understand my employment is
at-will and may be terminated at any time, with or
without reason, by either Rabbit Messenger or
myself. I further agree that, in accordance with
Rabbit Messenger's Arbitration Policy, I will
submit any dispute – including but not limited to
my termination – arising under or involving my
employment with Rabbit Messenger to binding
arbitration within one (1) year from the date the
dispute first arose. I agree that the arbitration shall
be the exclusive forum for resolving all disputes
arising out of or involving my employment with
Rabbit Messenger or the termination of that
employment. I agree that I will be entitled to legal
representation, at my own cost, during arbitration.
I further understand that I will be responsible for
half of the cost of the arbitrator and any incidental
costs of arbitration.

**Employee Name (Print)**

**Employee Signature**

**Rabbit Messenger Representative**

**Date**  2/24/04

NESS #3396.

## Employment

### At-Will Employment

Your employment with Rabbit Messenger, Inc. is at-will. This means that neither you nor Rabbit Messenger, Inc. has entered into a contract regarding the duration of your employment. You are free to terminate your employment with Rabbit Messenger, Inc. at any time, with or without reason. Likewise, Rabbit Messenger, Inc. has the right to terminate your employment, or otherwise discipline, transfer, or demote you at any time, with or without reason at the discretion of Rabbit Messenger, Inc..

### Arbitration policy

If an employment dispute arises while you are employed with the Company, Rabbit Messenger, Inc. requires that you agree to submit any such dispute arising of your employment or the termination of your employment (including, but not limited to, claims of unlawful termination based on race, sex, age national origin, disability, breach of contract or any other bias prohibited by law) exclusively to binding arbitration under the federal Arbitration Act, 9 U.S.C., Section 1. Similarly, any disputes arising during your employment involving claims of unlawful discrimination or harassment under federal or state statutes shall be submitted exclusively to binding arbitration under the above provisions. This arbitration shall be the exclusive means of resolving any dispute arising out of your employment or termination from employment by Rabbit Messenger, Inc. and you, and employees in any court or any forum can bring no other action.

If you decide to dispute your termination or any other alleged incident during your employment, including but not limited to unlawful discrimination or harassment, you must deliver a written request for arbitration to Company within one (1) year from the date of termination, or one (1) year from the date on which the alleged incident(s) occurred.

*2*

If Rabbit Messenger, Inc. does not receive a written request for arbitration from you within one (1) year, or if you do not respond to any communication from Rabbit Messenger, Inc. about the arbitration proceedings, you will have waived any right to raise any claims arising out of the termination of your employment with Rabbit Messenger, Inc., or involving claims of unlawful discrimination or harassment, in arbitration and in any court or other forum.

You and Rabbit Messenger, Inc. shall each bear respective costs for legal representation at any such arbitration. The parties, if any, shall share the cost of the arbitrator and court reporter, equally.

## Termination of Your Employment

Rabbit Messenger, Inc. will consider you to have voluntarily terminated your employment if you do any of the following:

1. Resign from Rabbit Messenger, Inc.,

2. Fail to return from an approved leave of absence on the date specified by Rabbit Messenger, Inc.,

3. Fail to report to work or call in.

You may be terminated for poor performance, misconduct, excessive absences, tardiness, discrimination, harassment, or other violations of Company policies. However, your employment is at-will, and you and / or Rabbit Messenger, Inc. have the right to terminate your employment for any or no reason.

Note: See Separation of Employment section for further information.