# EPSTEIN BECKER & GREEN, P.C.

**MEMO ENDORSED**

ATTORNEYS AT LAW
250 PARK AVENUE
NEW YORK, NEW YORK 10177-1211
212.351.4500
FAX: 212.661.0989
EBGLAW.COM

JOHN HOUSTON POPE
TEL: 212.351.4641
FAX: 212.878.8741
JHPOPE@EBGLAW.COM

July 3, 2008

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 7/14/08



*[Handwritten endorsement:] Premotion conference. I will take up the [motion] at the conference on July 18 at 2pm. SO ORDERED. [signature] USDJ 7-11-08*

**VIA FACSIMILE**

Hon. P. Kevin Castel
U.S. District Judge
U.S. District Court for the
Southern District of New York
500 Pearl St.
New York, NY 10007

Re: *Broady v. Champion Courier, Inc.*, et al.,
Case No. 08 Civ. 3451 (PKC)

Dear Judge Castel:

We represent Defendants in the above-referenced matter. We write to provide our basis for bringing a motion to dismiss this action, pursuant to Rule 12(c), based on plaintiff's agreement to arbitrate the claims raised herein.

### Factual Basis For Motion

Plaintiff Anthony Broady ("Broady") worked for Rabbit Messenger, Inc. as a bicycle courier during various periods from December 2002 through May 2004. In February 2004 he executed an acknowledgement and agreement to arbitrate claims arising out of his employment. That acknowledgment states, in relevant part:

> My signature on this document acknowledges that I understand the arbitration Policy described in the manual and abide by its contents. ... I ... agree that, in accordance with Rabbit Messenger's Arbitration Policy, <u>I will submit any dispute ... arising under or involving my employment with Rabbit Messenger to binding arbitration within one (1) year from the date the dispute first arose</u>. I agree that the arbitration shall be the exclusive forum for resolving all disputes arising out of or involving my employment with Rabbit Messenger or the termination of that employment.

(*See* Answer, Ex. 1 (emphasis added).)

ATLANTA • CHICAGO • DALLAS • HOUSTON • LOS ANGELES • MIAMI
NEWARK • NEW YORK • SAN FRANCISCO • STAMFORD • WASHINGTON, D.C.

EPSTEIN BECKER GREEN WICKLIFF & HALL, P.C. IN TEXAS ONLY

Hon. P. Kevin Castel
July 3, 2008
Page 2

In 2008, approximately four years after he left Rabbit Messenger, Broady initiated this suit.[1] His claims encompass allegations of violations of the Fair Labor Standards Act ("FLSA"), New York State Labor Law, and common law claims of quantum meruit and unjust enrichment. He named Champion Courier, Inc. and its owner, Steve Lipton, as defendants, apparently based on an alter ego or single employer theory. Defendants deny any violations of the law.

### **Legal Basis For Motion**

Federal law favors the enforcement of agreements to arbitrate disputes, including statutorily-based employment-related disputes. *See, e.g., Circuit City Stores, Inc. v. Adams*, 532 U.S. 105, 122-24 (2001); *Gilmer v. Interstate/Johnson Lane Corp.*, 500 U.S. 20, 26 (1991). FLSA claims pose no exception to this policy. (*Gilmer*, it should be noted, involved the ADEA, which expressly adopts the procedural provisions of the FLSA.) Courts in this District routinely order cases asserting FLSA claims to proceed to arbitration, where the parties have so agreed. *See, e.g., Coheleach v. Bear, Sterns & Co., Inc.*, 440 F. Supp. 2d 338 (S.D.N.Y. 2006) (Cedarbaum, J.); *Sinnett v. Friendly Ice Cream Corp.*, 319 F. Supp. 2d 439 (S.D.N.Y. 2004) (Robinson, J.); *Ciago v. Ameriquest Mortgage Co.*, 295 F. Supp. 2d 324 (S.D.N.Y. 2003) (Conner, J.); *Steele v. L.F. Rothschild & Co., Inc.*, 701 F. Supp. 407 (S.D.N.Y. 1988) (Stanton, J.).

In pre-motion discussions plaintiff's counsel questioned whether the policy favoring arbitration might give way based on the class action allegations in the Complaint. In *Coheleach* Judge Cedarbaum considered the issue and found that the failure to have actually joined any additional collective plaintiffs (as here) meant that the class action allegations could have no effect on the arbitrability of the FLSA claim.[2] *See* 440 F. Supp. 2d at 340-41. Several courts outside this District (and Circuit) have directly considered the effect of class allegations on the arbitrability of FLSA claims, uniformly finding no effect. Arbitration has been ordered in each instance. *See Carter v. Countrywide Credit Indus., Inc.*, 362 F.3d 294, 298-300 (5th Cir. 2005); *Adkins v. Labor Ready, Inc.*, 185 F. Supp. 2d 628, 644-646 (S.D.W.Va. 2001), *aff'd*, 303 F.3d 496 (4th Cir. 2002); *Johnson v. Long John Silver's Restaurants, Inc.*, 320 F. Supp. 2d 656, 668 (M.D. Tenn. 2004), *aff'd*, 414 F.3d 583 (6th Cir. 2005). These results line up with the basic principle that "a plaintiff . . . who has agreed to arbitrate all claims arising out of [his] employment may not avoid arbitration by pursuing class claims. Such claims must be pursued in non-class arbitration." *Howard v. KPMG*, 977 F. Supp. 654, 665 n.7 (S.D.N.Y. 1997) (Kram, J.).

---

[1] This is Broady's second FLSA suit. On February 7, 2006, he, with eight others, commenced an action against the employer for which he worked prior to Rabbit. *Scola, et al. v. Breakaway Courier Systems, Inc., et al.*, Case No. 06 Civ. 960 (RWS). The Court approved a settlement in *Scola* on April 3, 2008, less than a week before this action commenced.

[2] Based on an NASD rule not present here, Judge Cedarbaum stayed the state law claims for potential class-based litigation after the arbitration was complete.

Hon. P. Kevin Castel
July 3, 2008
Page 3

Based on these authorities, the arbitration agreement here should be fully enforced by the Court.

An additional open question concerns the effect of the relevant limitations periods. A one-year limitations period is built into the arbitration agreement. New York state law enforces such limitations and thus would bar, at the very least, state law claims that are more than a year old. *See, e.g., Bar-Ayal v. Time Warner Cable Inc.*, 2006 WL 2990032, at *16 (S.D.N.Y. Oct. 16, 2006) (Wood, J.); *Joseph v. Insureco, Inc.*, 25 A.D.2d 764, 765, 809 N.Y.S.2d 518, 519 (2d Dep't 2006); *Blends, Inc. v. Shottland Mills, Inc.*, 35 A.D.2d 377, 379, 316 N.Y.S.2d 912, 914 (1st Dep't 1970), *aff'd*, 29 N.Y.2d 575 (1971). Since Broady terminated his employment with Rabbit nearly four years prior to bringing suit, he would be barred by the agreement from any recovery in arbitration. Whether the same contractually dictated result applies to the FLSA claim is not as readily resolved in the cases, but Broady's FLSA claim is independently time-barred because the statute of limitations governing such claims, even if the violations were determined to be willful, is three years. *See* 29 U.S.C. §§ 216(b), 255(a).

Accordingly, defendants would alternatively move to dismiss the FLSA claim as time-barred, removing the basis for federal jurisdiction, and leaving whatever might remain of this case for consideration in arbitration. *See Application of Conticommodity Servs., Inc.*, 613 F.2d 1222, 1226 (2d Cir. 1980) (leaving to arbitrator to enforce one-year limitation period in arbitration agreement).

For these reasons, the Court should authorize defendants to make a formal motion under Rule 12(c) to dismiss this case. We thank the Court in advance for its consideration of this application.

Respectfully submitted,

John Houston Pope

cc: Michael Shen, Esq. (by fax)